Charles W. Coe
LAW OFFICE OF CHARLES W. COE
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARRETT EDGMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) Case 3:08-cv-_____ (____) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | **COMPLAINT** |
| _____ ) | |

COMES NOW, the plaintiff, GARRETT EDGMON, by and through his attorney, CHARLES W. COE, to state and allege the following as his cause of action for his complaint.

I

This court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, et seq., (the Federal Tort Claims Act) as hereinafter more fully appears.

II

Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b). The plaintiff was a resident within the District of Alaska when this incident occurred and when the act or omission complained of occurred within the District of Alaska and the United States is a defendant.

III

A Federal Tort Claim was filed with the United States Department of Health and Human Services on November 17, 2004 This claim was administratively denied by this agency on October 5, 2007.

IV

The United States of America is a defendant in this matter in that the Department of Health and Human Services is a department of the United States government and is vicariously liable for the acts/omissions of their employees, representatives, contractors, and agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent supervision. The term defendant in this complaint means United States and/or Department of Health and Human Services acting through their employees, representatives, contractors and/or agents at the Kanakanak Hospital in Dillingham, Alaska.

V

All events relevant to the cause of action of this complaint occurred in the state of Alaska at Dillingham, Alaska.

VI

During 2001 to January 7, 2003, plaintiff's wife, Susanne Edgmon, was residing in Dillingham, Alaska when she would develop abdominal pains and pelvic pains. At various times Ms. Edgmon would be seen by defendant's hospital and personnel in Dillingham regarding her complaints. Ms. Edgmon was told by the hospital personnel that these conditions were not serious and that they were related to digestive problems or a muscle strain.

VII

On January 7, 2003, Ms. Edgmon returned to the hospital in severe pain and was air evaced to Anchorage. On January 8, 2003, she was properly diagnosed in Anchorage with ovarian cancer stage III. Ms. Edgmon was unaware that she had an advanced stage of ovarian cancer until January 8, 2003.

VIII

The defendant, by and through the staff at its hospital, owed Susanne Edgmon a duty of care to perform the proper tests, inform her of the possible sources of her medical problem, perform appropriate blood tests, properly read her abdominal x-rays and by failing to refer her to be properly evaluated and treated for her medical conditions. Defendant breached this duty by failing to warn Susanne Edgmon of her condition, by failing to refer her to other medical professionals to evaluate and treat her condition, by misdiagnosing her condition, and by failing to perform tests to determine if she had cancer.

IX

The defendant, through its employees and representatives, also owed a duty to Ms. Edgmon to have knowledge and expertise to perform procedures, interpret x-rays, and provide proper diagnoses without causing injuries to the plaintiff. The care they provided to Ms. Edgmon was below acceptable medical standards of care. The defendant failed to properly treat, evaluate, and diagnose her condition. Ms. Edgmon relied on defendant's warranties and representatives as to her condition resulting in her injuries and damages set forth in paragraph X of this complaint

X

As a direct and proximate result of the defendant's breach of care, negligence, and medical malpractice, the plaintiff, Garrett Edgmon, incurred the following damages:

1. Loss of consortium with his wife;
2. Additional medical expenses to treat her cancer;
3. Lost wages;
4. Emotional and physical pain and suffering in the past, present, and future;
5. Grief, fear, and anxiety; and
6. Other damages to be proven at trial.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amount originally claimed in the administrative claims process;
2. Costs and attorney fees as allowed under the Federal Tort Claims Act; and

3. For such other relief as this court deems just and equitable.

DATED this 4th day of March, 2008.

> By: s/Charles W. Coe
> Attorney for Plaintiff
> 805 W 3rd Avenue, Suite #100
> Anchorage, Alaska 99501
> Phone: (907) 276-6173
> charlielaw@gci.net
> ABA#7804002